**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| LAMARCUS ANTONIO SILLS, | ) | |
| Petitioner, | ) | |
| | ) | Civ. No. 2:25-cv-02253-SHL-tmp |
| v. | ) | |
| | ) | |
| WARDEN HARRISON, | ) | |
| Respondent. | ) | |

**ORDER DISMISSING THE PETITION IN PART; DIRECTING CLERK TO SERVE THE PETITION; DIRECTING RESPONDENT TO RESPOND**

Before the Court is pro se Petitioner Lemarcus Antonio Sills' petition for habeas corpus relief under 28 U.S.C. § 2241 (the "Petition"), filed March 5, 2025.[1] (ECF No. 2.) On preliminary review, and for the reasons stated below, the Petition is **DISMISSED** as to Claim 2, the Clerk **SHALL** serve the Petition on Respondent, and Respondent is **ORDERED** to respond to the Petition.

## BACKGROUND

On March 17, 2022, Sills pleaded guilty to (1) possession with intent to distribute a substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(A)(1); (2) carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and (3) being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §22(g)(1). See United States of America v. Sills, No. 2:21-cr-0141-AKK-gmb (N.D.

[1] Sills is incarcerated at the Federal Correctional Institute in Memphis, Tennessee, under Federal Bureau of Prisons ("BOP") register number 74515-509. (ECF No. 2 at PageID 2; ECF No. 2-2 at PageID 13.)

Ala.), at ECF No. 30; ECF No. 31. Sills was sentenced to 72 months of confinement, followed by 3 years of supervised release. (Id. at ECF No. 38.) He did not appeal his judgment of conviction.

While incarcerated, Sills filed the instant Petition, seeking an order placing him in a half-way house, or, in the alternative, releasing him to home confinement. (ECF No. 2 at PageID 8.) To support his requested relief, Sills first states: "Denial of RDAP Time Credit per 18 USC 3621(e) – see US v Taylor, 495 US 575 (1990) 924(c) is not a crime of violence, yet the BOP is denying credit because they say it is." (ECF No. 2 at PageID 7.) Second, Sills states: "Denial of Half-Way House Placement." (Id.) For the reasons explained below, Sills' Petition, to the extent he challenges the denial of his placement in a half-way house, is **DISMISSED WITH PREJUDICE**. Otherwise, the Petition will proceed.

## ANALYSIS

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") requires a district court to conduct preliminary review of a habeas petition to determine what response, if any, is required. Under Rule 4, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Additionally, a court may immediately dismiss a petition if it concludes that "the petition is frivolous, or obviously lacking in merit" on its face. See Pillow v. Burton, 852 F. App'x 986, 989 (6th Cir. 2021) (quoting 28 U.S.C. § 2243).

A. Half-way House Placement

Sills brings a claim for the denial of his request to be placed in a half-way house. However, housing decisions are within the sole authority of the BOP. For example, federal

statute expressly directs the BOP to "designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). Certainly, the BOP may direct a prisoner to spend a portion of the final months of his term of imprisonment in a community correctional facility or a residential reentry center ("RRC"), such as a halfway house or home confinement. 18 U.S.C. § 3624(c)(1). However, such a decision rests within the "sole discretion" of the BOP. United States v. Mattice, No. 20-3668, 2020 WL 7587155, at *2 (6th Cir. Oct. 7, 2020) (per curiam) ("the BOP has sole discretion to transfer an inmate to home confinement").

Moreover, the BOP's placement decisions, including determinations about halfway-house placements, are expressly insulated from judicial review. See 18 U.S.C. § 3625 (excepting decisions regarding prisoner placement decisions from judicial review under the Administrative Procedures Act). As such, this Court lacks the statutory authority to grant Sills the relief he seeks under Ground Two. See 18 U.S.C. § 3621(b); see also Mays v. Bowers, No. 2:23-cv-02506-SHL-atc, 2024 WL 3433700, at *3 (W.D. Tenn. July 16, 2024) ("The BOP's placement decisions . . . are expressly insulated from judicial review because the provisions of the Administrative Procedures Act do not apply to these decisions.").

Therefore, Sills' Petition, to the extent it is premised on the BOP's decision to not place him in a half-way house, is **DISMISSED WITH PREJUDICE**.

B. Denial of RDAP Time Credit

At this stage, it does not plainly appear that Sills is not entitled to relief based on his argument regarding denial of RDAP time credits. (See ECF No. 2 at PageID 7.) Therefore, the Clerk **SHALL** serve a copy of the Petition and this Order on Respondent by certified mail and provide a copy of the Petition and this Order to the United States Attorney for the Western District of Tennessee. Under Federal Rule of Civil Procedure 4(i), the Clerk **SHALL** send

copies of the Petition and this Order by certified mail to U.S. Attorney General Todd Blanche and to William K. Marshall III, Director of the Federal Bureau of Prisons.

Respondent is **ORDERED** to respond to the remaining portion of Sills' Petition within 28 days of this Order. Sills may file a reply to Respondent's filing within 28 days of service.

**IT IS SO ORDERED**, this 24th day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE